508

## O'B v. O'B

*Joseph A. Ryan,* for petitioner.
*William H. Lamb,* for Mr. and Mrs. H.P.B.

WOOD, *J.,* December 30, 1980—Petitioner J.S. O'B., filed a petition for writ of habeas corpus and named as respondents, his ex-wife B.D. O'B., and her parents Mr. and Mrs. H.P. B. Petitioner seeks the production of his two children in court. Counsel for petitioner scheduled the Bs' deposition in order to learn the whereabouts of his ex-wife and children, and the B's filed a petition seeking to have the original petition for writ of habeas corpus dismissed.

According to the allegations of the various pleadings, the O'B.'s were divorced in California on August 21, 1974. The divorce decree was accompanied by an order incorporating a marital settlement agreement between the parties containing custodial and visitation provisions for the parties' two children. Petitioner avers that his ex-wife has denied him the right to visit or communicate with his children contrary to the California order and contrary to the best interests and welfare of the children. He also avers that he does not know the present whereabouts of his children. He appears to have chosen Chester County as a forum because his ex-wife's parents are here, and the children may from time to time be here.

We note initially that among the listed purposes of the Uniform Child Custody Jurisdiction Act, Act of June 30, 1977, P.L. 29, §2, 11 P.S. §2302, are the following:

"(1) Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being . . .

"(5) Deter abductions and other unilateral removals of children undertaken to obtain custody awards."

It appears that Mrs. O'B. is intentionally attempting to conceal herself and the two children from discovery by petitioner. We do not wish to assist Mrs. O'B. in flouting the California courts and the Uniform Act by allowing her to hide behind the technical requirements of that act in order to defeat its purposes.

Nevertheless, we think we must ask petitioner to analyze his position more carefully. Insofar as he is

seeking to have us enforce the California decree under §14 of the Uniform Act, he should apply to the court for leave to do so. If the requirements of our statute have been met, we will record and enforce that decree: See Thorwarth v. Thorwarth, 9 D. & C.3d 343 (1979), and Com. ex rel. Williams v. Williams, C.P. Chester County, no. 203, August term, 1980 (Opinion of the undersigned dated December 17, 1980).

Insofar as petitioner seeks to have us award custody, we must determine if he pleaded facts showing jurisdiction. 11 P.S. §2304.

We note that in his petition, petitioner alleges that the B's (parents of Mrs. O'B.) live in Chester County, and that

"12. Respondent B.D. O'B. and the minor children are either residing with respondents Mr. & Mrs. H.P.B. or their present whereabouts is known to [them]."

We think that is enough to give the court jurisdiction initially, and given the situation facing petitioner, we are not inclined to throw procedural roadblocks in the path of his obtaining a resolution of this matter. Accordingly, we will treat the petition for habeas corpus as one filed in the courts of this county seeking an award of custody, and we will assume jurisdiction until facts have been presented persuading us that jurisdiction lies elsewhere.

On the other hand, we do not consider the B's to be proper parties to the action, since petitioner appears to concede that they have neither custody of nor control over the children. They will be dismissed as parties, but we will specifically grant leave to petitioner to schedule depositions of the B's as witnesses for the purpose of determining their daughter's whereabouts. We also grant leave to petitioner to make service upon Mrs. O'B. in the man-

ner requested by him in his petition filed pursuant to Pa.R.C.P. 2079.

## ORDER

And now, this December 30, 1980, after considering the pleadings and briefs filed in this matter, we

(1) Direct petitioner to file a separate application if he seeks to record and enforce the California decree;

(2) Dismiss the B's as parties to the habeas corpus petition;

(3) Give leave to petitioner to depose the B's on the whereabouts of their daughter; and

(4) Authorize petitioner to serve Mrs. O'B. under Pa.R.C.P. 2079, by having a competent adult serve a copy of the petition for custody (habeas corpus) on any adult present at the home of Mr. & Mrs. H.P.B.; with directions to transmit the copy to B.D. O'B.